# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERSON GUARDADO CUELLAR, | Case No. 1:26-cv-01699-JLT-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL |
| Respondents. | (ECF No. 3) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed herein, the undersigned recommends granting Respondents' motion to dismiss and dismissing the petition.

**I.**

**BACKGROUND**

Petitioner is a citizen of El Salvador who was previously removed to El Salvador on February 12, 2020 pursuant to a final order of removal. Petitioner reentered the United States on an unknown date without inspection. (ECF No. 12-1 at 1–2.[1]) In 2024, Petitioner was convicted of felony inflicting corporal injury in a domestic relationship with a prior, in violation of California Penal Code ("CPC") § 273.5(f)(1), and felony assault with a deadly weapon (not a

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

firearm), in violation of CPC § 245(a)(1). Petitioner was sentenced to four years in prison. (ECF No. 12-1 at 3; ECF No. 12-5 at 19.)

Petitioner came to the attention of Immigration and Customs Enforcement ("ICE") while serving his sentence for his 2024 convictions with a release date of July 10, 2025. (ECF No. 12-1 at 2.) On the date of his release from prison, Petitioner was arrested and placed in immigration custody. Petitioner's prior order of removal was reinstated. (Id. at 3; ECF No. 12-2 at 2.) After an asylum officer determined that Petitioner had a reasonable fear of persecution or torture, Petitioner was referred to an immigration judge ("IJ") and placed in withholding-only proceedings. (ECF No. 12-2.)

On or about January 20, 2026, Petitioner had a bond hearing. (ECF No. 12-5 at 1–2.) The IJ determined that Petitioner was a danger due to his criminal history[2] and denied bond. (ECF No. 12-3.) Petitioner reserved appeal of the IJ's bond order, but he did not file an appeal with the Board of Immigration Appeals ("BIA") by the deadline. (ECF No. 12 at 3; ECF No. 12-3 at 2.)

On March 2, 2026, Petitioner filed the instant petition for writ of habeas corpus, asserting a due process claim for prolonged detention without a bond hearing. (ECF No. 1.) On April 3, 2026, Respondents filed a motion to dismiss the petition because Petitioner received a bond hearing and failed to exhaust administrative remedies. (ECF No. 12.) The motion to dismiss was served on Petitioner on April 6, 2026. (ECF No. 13.) To date, opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Motion to Dismiss

In the petition, Petitioner asserts a prolonged detention due process claim. (ECF No. 1 at 17.) Petitioner alleges that he has been detained since July 9, 2025 and has not been provided with a bond hearing before a neutral decisionmaker because "[p]ursuant to 8 U.S.C. § 1226(c), the Immigration Court lacks jurisdiction and authority to provide Petitioner with a bond hearing

---

[2] Petitioner "was convicted in October 2024 of CAL PC 273.5 Domestic Violence and 245a1 Assault With Deadly Weapon. Also has been convicted of DUI, False Imprisonment, a fraud misdemeanor, and a probation violation." (ECF No. 12-3 at 1.)

to determine whether Petitioner's detention is justified." (ECF No. 1 at 5.) Petitioner contends that "[a]bsent intervention by this Court, Petitioner cannot and will not be provided with a bond hearing by a neutral decision maker to assess the propriety of Petitioner's continued detention." (ECF No. 1 at 5.) Respondents argue that the petition should be dismissed because "Petitioner has received a bond hearing from an immigration judge and chose not to pursue administrative review with the BIA." (ECF No. 12 at 4.)

The undersigned recommends finding that Petitioner is not entitled to habeas relief on his prolonged detention due process claim because Petitioner received a bond hearing before an immigration judge in January 2026.[3] To the extent the petition can be construed as challenging the adequacy of the bond hearing, the undersigned recommends finding that such a claim should be dismissed for failure to exhaust administrative remedies.

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Courts may require prudential exhaustion if":

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

---

[3] Given that Petitioner has failed to oppose the motion to dismiss, the Court declines to construe the petition as raising a claim that Petitioner is entitled to a second bond hearing.

Here, Petitioner has failed to oppose the motion to dismiss and has not shown that waiver of the exhaustion requirement is appropriate. Accordingly, Respondents' motion to dismiss for failure to exhaust administrative remedies should be granted. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, Leonardo pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . Once the BIA rendered its decision, Leonardo could have properly pursued habeas relief in the district court[.]").

**B. Motion for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. As set forth above, habeas relief is not warranted, and thus, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 12) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED.

Further, Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 9, 2026**                    /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

5